## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re:                                    )
                                          )    NO.     10-10120-MLB
MYRON R. MURRAY,                          )
                                          )    **BAC HOME LOAN'S RESPONSE TO THE**
                                          )    **DEBTOR'S OBJECTION TO CLAIM NO. 4**
                          Debtor.         )
_____ )

COMES NOW BAC Home Loans Servicing, L.P., fka Countrywide Home Loans (hereinafter "BAC Home Loans"), authorized servicing agent for GreenPoint Mortgage Funding, Inc., by and through its undersigned counsel and responds to the debtor's objection to BAC Home Loans' claim as follows:

### PROCEDURAL BACKGROUND

1. On February 10, 2010, BAC Home Loans formerly known as Countrywide Home Loans filed a proof of claim in the Debtor's bankruptcy case in the amount of $331,254.95, including arrears of $43,249.25. The Debtor is over two years delinquent and is contractually due for January 2008 payment.

2. Approximately five months later on July 12, 2010, the Debtor filed a Motion to Disallow BAC Home Loans. The Debtor's Motion seeks to have BAC Home Loans claim disallowed in full for failure to establish that it is either the proper party to enforce the obligation or that party's authorized agent.

### FACTUAL BACKGROUND

1. On or about July 10, 2006, the Debtor executed and delivered to United Pacific Mortgage, a dba of Aventus, Inc. ("UPM") a Note in the original principal amount of $284,000. This Note is secured by a Deed of Trust of even date and recorded under King County recorder's number 20060721001469.

2.    The Note was subsequently sold and transferred to GreenPoint Mortgage Funding ("GreenPoint") by special indorsement signed by UPM.  Attached hereto as **Exhibit A** is a copy of the Note and the Allonge evidencing the transfer.

3.    On or about September 22, 2006, the Note and Deed of Trust were sold and securitized into an asset backed securities loan trust.  The current owner of the Note is HSBC Bank USA, National Association, as Trustee for the Certificateholders, Deutsche Alt-A Securities Mortgage Loan Trust, Mortgage Pass-Through Certificates Series 2006-AR6.  GreenPoint retained the servicing rights for this loan and is the authorized servicing agent for HSBC Bank USA, National Association, as Trustee for the Certificateholders, Deutsche Alt-A Securities Mortgage Loan Trust, Mortgage Pass-Through Certificates Series 2006-AR6 ("HSBC as Trustee").  As the authorized servicing agent, GreenPoint is entitled to enforce this obligation.

4.    GreenPoint subsequently entered into an agreement with Countrywide Home Loans Servicing, L.P. ("Countrywide") appointing Countrywide as sub-servicer for all loans serviced by GreenPoint as of the date of the contract, October 31, 2008.  A true and correct redacted copy of the Amended and Restated Subservicing Agreement is attached hereto as **Exhibit B** (a full copy is available for the Court or Debtor).  Accordingly, Countrywide became the sub-servicer for this loan and is entitled to enforce the obligation on behalf of GreenPoint.  Also attached hereto as **Exhibit C** is a true and correct copy of the GreenPoint Corporate Resolution appointing all officers of Countrywide to be assistant secretaries and vice presidents of GreenPoint with all rights and powers necessary to perform the Subservicing Agreement.  The Corporate Resolution specifically provides that Countrywide is authorized to take any actions necessary to prosecute or defend this loan in bankruptcy and to ensure that each promissory note has been properly indorsed.  See paragraphs (i) and (ii) of the Subservicing Agreement.

5.    On or about April 27, 2009, Countrywide Home Loans Servicing, LP was renamed BAC Home Loans Servicing, L.P.  A true and correct copy of the institutional history for Countrywide pulled from the National Information Center, a division of the Federal Reserve System, is attached hereto as

BAC HOME LOANS' RESPONSE TO THE DEBTOR'S
OBJECTION TO CLAIM NO. 4 - 2

**BISHOP WHITE MARSHALL & WEIBEL, P.S.**
720 Olive Way, Suite 1301
Seattle, WA 98101
206/622-5306  Fax 206/622-0354

**Exhibit D**.  BAC Home Loans respectfully requests that the Court take judicial notice of this public record compiled by the office of the Federal Reserve System.

**BAC HOME LOANS IS A PARTY ENTITLED TO FILE A PROOF OF CLAIM IN THIS CASE**

BAC is the authorized servicing agent for GreenPoint and is a party entitled to file a proof of claim in the Debtor's bankruptcy case.  The fact that the copy of the Note provided to this Court is indorsed specially to GreenPoint and does not evidence a transfer to HSBC as Trustee, is not detrimental to BAC Home Loans' position.  Even if the Court were to consider the Note as is and in combination with the Subservicing Agreement and Corporate Resolution, BAC Home Loans as servicer for GreenPoint is authorized to file the proof of claim and enforce the terms of the Note and Deed of Trust.  Failure to identify HSBC as Trustee in its Proof of Claim is not fatal to the Claim.  See 08-cv-07871-PSG, page 8, 2010 U.S. Dist. (C.D. Cal. July 21, 2010).[1]

While BAC Home Loans has ordered the collateral file and the original Note from its records custodian production of the original Note should not be necessary to resolve this issue.  Washington courts do not require production of the original note to establish authorization to enforce an instrument. *Wallis v. IndyMac Federal Bank*, 2010 WL 2342530, 5 (W.D.Wash.,2010) ([A]s this Court has concluded before, courts "have routinely held that [Wallis'] so called 'show me the note' argument lacks merit" (citing *Freeston v. Bishop, White & Marshall, P.S.,* 2010 WL 1186276 (W.D.Wash., 2010) (quoting *Diessner v. Mortgage Electronic Registration Systems,* 618 F.Supp.2d 1184, 1187 (D.Ariz.2009) (collecting cases)))).

Furthermore, it is long settled under Washington's Best Evidence Rule that a duplicate is admissible to the same extent as an original:

> To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by rules adopted by the Supreme Court of this state or by statute.

---

[1] We cite this unpublished opinion under Fed. R. App. P. 32.1, which provides that courts may not prohibit or restrict the citation of unpublished federal judicial opinions,orders, judgments, or other written dispositions issued after January 1, 2007.

BAC HOME LOANS' RESPONSE TO THE DEBTOR'S
OBJECTION TO CLAIM NO. 4 - 3

**BISHOP WHITE MARSHALL & WEIBEL, P.S.**
720 Olive Way, Suite 1301
Seattle, WA 98101
206/622-5306  Fax 206/622-0354

ER 1002; *see Braut v. Tarabochia*, 104 Wn. App. 728, 734, 17 P.3d 1248, 1251 (2001) (the court held that under the Best Evidence Rule a photocopy of a promissory note, where the original was lost, is admissible "to the same extent as an original" unless it is of questionable authenticity or it would be unfair to admit it).

Accordingly, based upon the record before this Court BAC Home Loans Servicing, L.P. as authorized servicing agent for GreenPoint is entitled to enforce the Note. BAC Home Loans is amenable to filing an amended Proof of Claim to indicate the servicing relationship.

WHEREFORE BAC Home Loans Servicing, L.P., fka Countrywide Home Loans respectfully requests that its Proof of Claim filed with the Court on February 10, 2010, be allowed as filed.

Dated this 2nd day of September 2010.


By: /s/ Daniel L. Hembree
Daniel L. Hembree WSBA #37109
Bishop White Marshall & Weibel PS
Attorneys for BAC Home Loans Servicing, L.P.
fka Countrywide Home Loans

BAC HOME LOANS' RESPONSE TO THE DEBTOR'S
OBJECTION TO CLAIM NO. 4 - 4

**BISHOP WHITE MARSHALL & WEIBEL, P.S.**
720 Olive Way, Suite 1301
Seattle, WA 98101
206/622-5306 Fax 206/622-0354